## Commonwealth v. Asplundh

*Bernard E. Di Joseph*, District Attorney, for Commonwealth.

*David E. Groshens*, for defendant.

DANNEHOWER, J., October 15, 1953.—Defendant has been indicted by the grand jury on two separate bills of indictment, one charging involuntary manslaughter for a death by automobile and the other for operating a motor vehicle after suspension of operating privileges.

Defendant has filed a petition and rule for these indictments to be tried separately and the district attorney, by answer, has objected.

It is the Commonwealth's contention, that since the death by automobile occurred late at night, defendant was not operating his automobile on business, because

his license to operate has been restricted to operate only for business purposes for some prior violation.

Death occurring while committing an unlawful act is not necessarily involuntary manslaughter, because the unlawful act must be something more than an attendant condition without which the death could not have occurred and the death must be the natural result or probable consequence of the unlawful act: Commonwealth v. Williams, 133 Pa. Superior Ct. 104.

It is apparent that all the evidence to support one charge is not relevant to support the other. The evidence relevant to the charge of operating after suspension or on a restricted license, will tend to prejudice defendant on the involuntary manslaughter charge, because the fact of suspension emphasizes that in the past the operator has committed some violation of The Vehicle Code. Likewise the evidence necessary to support involuntary manslaughter will tend to prejudice defendant on the charge of operating after suspension.

The determining question involved is whether the consolidation of both indictments for trial at the same time and before the same jury would be prejudicial to defendant's rights.

We therefore hold that when evidence is to be presented by the Commonwealth which would not be competent and material at a separate trial upon each of the indictments and where such incompetent evidence will tend to prejudice the rights of a defendant, then such indictments should, in justice and fairness, be tried separately and not be consolidated for trial.

We are all of the same opinion, that defendant should receive a separate trial on each indictment.

And now, October 15, 1953, for the foregoing reasons, rule absolute and defendant shall receive separate trials on bill of indictment 117, April term, 1953, charging "Involuntary Manslaughter" and bill of indictment 117-2, April term, 1953, charging "Operating after Suspension of operating privileges".